FILED: GREENE COUNTY CLERK 02/28/2022 12:09 PM
NYSCEF DOC. NO. 1

INDEX NO. EF2022-1
RECEIVED NYSCEF: 02/28/20

SUPREME COURT: GREENE COUNTY

--------------------------------------------------x

TAYLOR FORREST and
JIMMY DIRESTA a/k/a JAMES DIRESTA,

                                    Plaintiffs,

        -against-

COUNTY OF GREENE,
SHERIFF OF GREENE COUNTY,
MEGHAN DOWNEY,
individually and in her official capacity as a Deputy Sheriff,
CHARLES COLE II,
individually and in his official capacity as a Deputy Sheriff,
PETER KUSMINSKY,
individually and in his official capacity as Sheriff,
                                    Defendants.

--------------------------------------------------x

INDEX# EF2022-102

Plaintiffs designate County of
Greene as the place of trial

**SUMMONS**

The basis of venue is
residence and site of
occurrence.
Plaintiff resides at:
3442 Route NY-145
East Durham, New York

TO THE ABOVE NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED to answer the complaint in this action and serve a copy of
your answer, or, if the complaint is not served with this summons to serve a notice of appearance,
on the Plaintiff's Attorney, within 20 days after the service of this summons, exclusive of the day
of service (or within 30 days after the service is complete if this summons is not personally
delivered to you within the State of New York); and in case of your failure to appear or answer,
judgment will be taken against you by default for the relief demanded herein.

DATED:
February 28, 2022
Bronx, New York

FRAIDEN & FRAIDEN LLP
Attorneys for Plaintiffs
327 East 149th Street
Bronx, New York 10451
(718) 993-9911

DEFENDANTS' ADDRESS:
COUNTY OF GREENE;
SHERIFF OF GREENE COUNTY;
MEGHAN DOWNEY;
CHARLES COLE II;
PETER KUSMINSKY.

NOTICE: The object of this action is: SET FORTH IN THE COMPLAINT;
The relief sought is: SET FORTH IN THE COMPLAINT

        Upon your failure to appear, judgment will be taken against you by default for the sum
set forth in the complaint with interest from 3/28/2021 and the costs of this action.

RECEIVED

MAR 1 0 2022

GREENE COUNTY
ATTORNEY'S OFFICE

FILED: GREENE COUNTY CLERK 02/28/2022 12:09 PM
NYSCEF DOC. NO. 1

INDEX NO. EF2022-1

RECEIVED NYSCEF: 02/28/20

## SUPREME COURT: GREENE COUNTY

------------------------------------------x

TAYLOR FORREST and
JIMMY DIRESTA a/k/a JAMES DIRESTA,

INDEX# EF2022-102

                                    Plaintiffs,

              -against-

**VERIFIED COMPLAINT**

COUNTY OF GREENE,
SHERIFF OF GREENE COUNTY,
MEGHAN DOWNEY,
individually and in her official capacity as a Deputy Sheriff,
CHARLES COLE II,
individually and in his official capacity as a Deputy Sheriff,
PETER KUSMINSKY,
individually and in his official capacity as Sheriff,
                           Defendants.

------------------------------------------x

       Plaintiffs, by their attorneys, FRAIDEN & FRAIDEN LLP, as and for a VERIFIED COMPLAINT, allege that at all times mentioned herein:

1. That the defendant, COUNTY OF GREENE, was and still is a Municipal Corporation duly incorporated and existing under and by virtue of the laws of the State of New York.

2. That the plaintiffs herein have complied with all of the conditions precedent to bringing this action against the above-named defendants. A Notice of Claim was timely served upon the defendants within 90 days after the date of occurrence pursuant to law; more than 30 days have elapsed since service of said Notice of Claim and said claims remain unadjusted, and defendant has failed and refused to make adjustment, and this action is brought within 1 year and 90 days of the occurrence complained of.

3. That on August 1, 2021 examinations of the plaintiffs were conducted in accordance with General Municipal Law 50-h(2).

4. That defendant, SHERIFF OF GREENE COUNTY, was and still is an agency of the ~~defendant COUNTY OF GREENE~~.

5. That defendant, SHERIFF OF GREENE COUNTY, was and still is a department of the defendant COUNTY OF GREENE.

6. That defendant, SHERIFF OF GREENE COUNTY, was and still is a bureau of the defendant COUNTY OF GREENE.

NYSCEF DOC. NO. 1

INDEX NO. EF2022-1(

RECEIVED NYSCEF: 02/28/20.

7. That defendant, SHERIFF OF GREENE COUNTY, was and still is an office of the defendant COUNTY OF GREENE.

8. That defendant, SHERIFF OF GREENE COUNTY, was and still is a unit of the defendant COUNTY OF GREENE.

9. That defendant, SHERIFF OF GREENE COUNTY, was and still is a subdivision of the defendant COUNTY OF GREENE.

10. That the defendant, COUNTY OF GREENE operated the defendant SHERIFF OF GREENE COUNTY.

11. That the defendant, COUNTY OF GREENE managed the defendant SHERIFF OF GREENE COUNTY.

12. That the defendant, COUNTY OF GREENE supervised the defendant SHERIFF OF GREENE COUNTY.

13. That the defendant, COUNTY OF GREENE controlled the defendant SHERIFF OF GREENE COUNTY.

14. That defendant, MEGHAN DOWNEY, was a was a natural person residing in the State of New York.

15. That defendant, CHARLES COLE II, was a was a natural person residing in the State of New York.

16. That defendant, PETER KUSMINSKY, was a was a natural person residing in the State of New York.

17. That defendant COUNTY OF GREENE, acting through the defendant SHERIFF OF GREENE COUNTY was responsible for the policy, practice, supervision, implementation, and conduct the defendant SHERIFF OF GREENE COUNTY and its agents, servants, and employees including the defendant PETER KUSMINSKY, the defendant MEGHAN DOWNEY and the defendant CHARLES COLE II.

18. That defendant, COUNTY OF GREENE, acting through the defendant SHERIFF OF GREENE COUNTY, was responsible for the appointment, hiring, training, supervision, discipline, retention, and conduct of all of defendant SHERIFF OF GREENE COUNTY's personnel including the defendant PETER KUSMINSKY, the defendant MEGHAN DOWNEY and the defendant CHARLES COLE II.

19. That defendant, COUNTY OF GREENE, was responsible for enforcing the rules of the

defendant SHERIFF OF GREENE COUNTY and for ensuring that the personnel of the defendant SHERIFF OF GREENE COUNTY, including the defendant PETER KUSMINSKY, the defendant MEGHAN DOWNEY and the defendant CHARLES COLE II, obeyed the laws of the United States and the State of New York.

20. That defendant PETER KUSMINSKY was the sheriff of Greene County, and as such was acting in the capacity of an agent, servant and employee of the defendant COUNTY OF GREENE.  Defendant PETER KUSMINSKY is being sued in his individual and official capacities.

21. That defendant PETER KUSMINSKY was the sheriff of Greene County, and as such was responsible for the appointment, hiring, training, supervision, discipline, retention, and conduct of all of defendant SHERIFF OF GREENE COUNTY's personnel including the defendant MEGHAN DOWNEY and the defendant CHARLES COLE II.

22. That defendant PETER KUSMINSKY was the sheriff of Greene County, and as such was responsible for the policy, practice, supervision, implementation, and conduct the defendant SHERIFF OF GREENE COUNTY and its agents, servants, and employees including the defendant MEGHAN DOWNEY and the defendant CHARLES COLE II.

23. That defendant, PETER KUSMINSKY, was responsible for enforcing the rules of the defendant SHERIFF OF GREENE COUNTY and for ensuring that the personnel of the defendant SHERIFF OF GREENE COUNTY, including the defendant MEGHAN DOWNEY and the defendant CHARLES COLE II, obeyed the laws of the United States and the State of New York.

24. That defendant MEGHAN DOWNEY was employed by the defendant COUNTY OF GREENE as a deputy sheriff under shield number 92, and as such was acting in the capacity of an agent, servant and employee of the defendant COUNTY OF GREENE.  Defendant MEGHAN DOWNEY is being sued in her individual and official capacities.

25. That defendant MEGHAN DOWNEY was employed by the defendant SHERIFF OF GREENE COUNTY as a deputy sheriff under shield number 92, and as such was acting in the capacity of an agent, servant and employee of the defendant SHERIFF OF GREENE COUNTY.  Defendant MEGHAN DOWNEY is being sued in her individual and official capacities.

26. That defendant CHARLES COLE II, was employed by the defendant COUNTY OF

FILED: GREENE COUNTY CLERK 02/28/2022 12:09 PM

NYSCEF DOC. NO. 1

INDEX NO. EF2022-10

RECEIVED NYSCEF: 02/28/202

GREENE as a deputy sheriff under shield number 58 and as such was acting in the capacity of an agent, servant and employee of the defendant COUNTY OF GREENE. Defendant CHARLES COLE II is being sued in his individual and official capacities.

27. That defendant CHARLES COLE II, was employed by the defendant SHERIFF OF GREENE COUNTY as a deputy sheriff under shield number 58 and as such was acting in the capacity of an agent, servant and employee of the defendant SHERIFF OF GREENE COUNTY. Defendant CHARLES COLE II is being sued in his individual and official capacities.

28. That defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the County of Greene, the State of New York, and the United States.

29. That plaintiffs are citizens of the United States and residents of the State of New York.

30. That on March 28, 2021 at approximately 1:44am, plaintiff, TAYLOR FORREST, was lawfully operating a vehicle at or near Route 23 and Route 32 in or around the town of Cairo, New York.

31. That the aforesaid vehicle was owned by plaintiff JIMMY DIRESTA.

32. That, plaintiff, JIMMY DIRESTA, was a passenger in the aforesaid vehicle.

33. That the defendants their agents, servants, and/or employees, stopped the aforesaid vehicle.

34. That the defendants their agents, servants, and/or employees, stopped the plaintiffs.

35. That the defendants their agents, servants, and/or employees, searched the plaintiffs and their property.

36. That the defendants their agents, servants, and/or employees, seized the plaintiffs and their property.

37. That the defendants their agents, servants, and/or employees, detained the plaintiffs and their property.

38. That the defendants their agents, servants, and/or employees, falsely arrested the plaintiffs.

39. That the defendants their agents, servants, and/or employees, harassed the plaintiffs.

40. That the defendants, their agents, servants, and/or employees, had no cause or justification for stopping, searching, seizing, falsely arresting, and harassing the

FILED: GREENE COUNTY CLERK 02/28/2022 12:09 PM

NYSCEF DOC. NO. 1

INDEX NO. EF2022-1
RECEIVED NYSCEF: 02/28/20

plaintiffs.

41. That the defendants, their agents, servants, and/or employees, had no cause or justification for searching, seizing, and detaining the plaintiffs' property.

42. That the defendants falsely claimed the license plate lamp was out on the aforesaid vehicle.

43. That the defendants intentionally, knowingly and falsely made the aforesaid false claim to conceal their otherwise aforementioned illegal, tortious, and sinister acts.

44. That on June 19, 2021 at approximately 2:00am the defendants searched the plaintiff JIMMY DIRESTA's property located at 2195 Route, 145 East Durham, New York.

45. That the defendants, their agents, servants, and/or employees, had no cause or justification to search the plaintiff JIMMY DIRESTA's property located at 2195 Route, 145 East Durham, New York.

46. That the defendants, their agents, servants, and/or employees, lacked sufficient and reasonable cause for stopping, searching, seizing, and falsely arresting the plaintiffs.

47. That the defendants, their agents, servants, and/or employees, lacked reasonable suspicion for stopping, searching, and seizing, and falsely arresting the plaintiffs.

48. That the defendants, their agents, servants, and/or employees, lacked probable cause for stopping, searching, and seizing, and falsely arresting and the plaintiffs.

49. That the defendants, their agents, servants, and/or employees, lacked reasonable suspicion for believing that a law had been violated and for believing that the plaintiffs had violated said law.

50. That the defendants, their agents, servants, and/or employees, lacked sufficient and reasonable cause for searching, seizing, and detaining the plaintiff's property.

51. That the defendants, their agents, servants, and/or employees, lacked reasonable suspicion for searching, seizing, and detaining the plaintiff's property.

52. That the defendants, their agents, servants, and/or employees, lacked probable cause for searching, seizing, and detaining the plaintiffs' property.

53. That the defendants, their agents, servants, and/or employees, lacked sufficient and reasonable cause for believing that a crime had been committed and for believing that the plaintiffs had committed said crime.

54. That the defendants, their agents, servants, and/or employees, lacked probable cause for

FILED: GREENE COUNTY CLERK 02/28/2022 12:09 PM

NYSCEF DOC. NO. 1

INDEX NO. EF2022-10

RECEIVED NYSCEF: 02/28/202

believing that a crime had been committed and for believing that the plaintiffs had committed said crime.

55. That as a direct and proximate cause of the acts of the defendants the plaintiffs' rights guaranteed under the Fourth and Fourteenth Amendment of the United States Constitution, the New York State Constitution, and the laws of the United States and the State of New York and were violated. The plaintiffs suffered physical injury, psychological injury, pain and suffering, emotional trauma, fear, embarrassment, indignity, humiliation, emotional distress, depression, anxiety, stress, post-traumatic stress, frustration, invasion of privacy, extreme inconvenience, loss of liberty, loss of freedom, economic loss, and harm to reputation.

56. Upon information and belief, the limitations of liability set forth in Article 1601 of the CPLR do not apply to the causes of action set forth herein or one or more of the exemptions set forth in Section 1602 applies to the facts of this case.

### AS AND FOR A FIRST CAUSE OF ACTION
### UNLAWFUL SEARCH AND SEIZURE UNDER NEW YORK STATE LAW

57. Plaintiffs repeat and reallege each and every allegation contained in the foregoing paragraphs with the same force and effect as if herein set forth at length.

58. That defendants subjected the plaintiffs and their property to unreasonable searches and seizures without a valid warrant and without reasonable suspicion or probable cause to do so.

59. That plaintiffs were conscious and fully aware of the unreasonable searches and seizures to their persons and property.

60. That plaintiffs did not consent to the unreasonable searches and seizures to their persons and property.

61. That the unreasonable searches and seizures were not otherwise privileged.

62. That defendants violated the plaintiff's' right to be free from unreasonable searches and seizures pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section 12, of the New York State Constitution.

63. That defendant COUNTY OF GREENE, as employer of the individual defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

64. That defendant SHERIFF OF GREENE COUNTY, as employer of the individual defendants, is responsible for their wrongdoings under the doctrine of *respondeat*

**FILED: GREENE COUNTY CLERK 02/28/2022 12:09 PM**

NYSCEF DOC. NO. 1

INDEX NO. EF2022-10

RECEIVED NYSCEF: 02/28/202

*superior.*

65. That plaintiffs sustained damages solely and wholly as a result of the aforesaid action of the defendants.

66. That by reason of the foregoing the plaintiffs were caused to sustain damages and are entitled to recover against the defendants money damages in a sum in excess of the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION
### UNLAWFUL SEARCH AND SEIZURE UNDER 42 U.S.C. 1983 AGAINST INDIVIDUAL DEFENDANTS

67. Plaintiffs repeat and reallege each and every allegation contained in the foregoing paragraphs with the same force and effect as if herein set forth at length.

68. That defendants subjected the plaintiffs and their property to unreasonable searches and seizures without a valid warrant and without reasonable suspicion or probable cause to do so.

69. That plaintiffs were conscious and fully aware of the unreasonable searches and seizures to their persons and property.

70. That plaintiffs did not consent to the unreasonable searches and seizures to their persons and property.

71. That the unreasonable searches and seizures were not otherwise privileged.

72. That defendants violated the plaintiff's' right to be free from unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section 12, of the New York State Constitution.

73. That defendants deprived the plaintiffs of their rights, privileges and immunities guaranteed and secured by the Fourth and Fourteenth Amendments to the United States Constitution and the Article I, Section 12, of the New York State Constitution including their rights to liberty and to be secure in person and free from illegal search and seizure.

74. That defendant COUNTY OF GREENE, as employer of the individual defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior.*

75. That defendant SHERIFF OF GREENE COUNTY, as employer of the individual defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior.*

76. That plaintiffs sustained damages solely and wholly as a result of the aforesaid action of

FILED: GREENE COUNTY CLERK 02/28/2022 12:09 PM

NYSCEF DOC. NO. 1

INDEX NO. EF2022-1

RECEIVED NYSCEF: 02/28/20

the defendants.

77. That by reason of the foregoing the plaintiffs were caused to sustain damages and are entitled to recover against the defendants money damages in a sum in excess of the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A THIRD CAUSE
### FALSE ARREST AND FALSE IMPRISONMENT UNDER NEW YORK STATE LAW

78. Plaintiffs repeat and reallege each and every allegation contained in the foregoing paragraphs with the same force and effect as if herein set forth at length.

79. That plaintiffs were in the custody of the defendants.

80. That plaintiffs were detained by the defendants.

81. That plaintiffs were confined by the defendants.

82. That plaintiffs were arrested by the defendants.

83. That plaintiffs were imprisoned for a period of time.

84. That plaintiffs were aware of that they were in the custody of the defendants and did not consent to being in their custody.

85. That plaintiffs were aware of their detainment and did not consent to being detained.

86. That plaintiffs were aware of their confinement and did not consent to being confined.

87. That plaintiffs were aware of their arrest and did not consent to being arrested.

88. That plaintiffs were aware of their imprisonment and did not consent to being imprisoned.

89. The defendants lacked legal authority hold the plaintiffs in custody.

90. The defendants lacked legal authority to arrest, detain, confine, and imprison the plaintiffs.

91. That defendants subjected the plaintiffs to false arrest, wrongful detention, false imprisonment, and deprivation of liberty.

92. That defendant COUNTY OF GREENE, as employer of the individual defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

93. That defendant SHERIFF OF GREENE COUNTY, as employer of the individual defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

94. That plaintiffs sustained damages solely and wholly as a result of the aforesaid action of the defendants.

FILED: GREENE COUNTY CLERK 02/28/2022 12:09 PM
NYSCEF DOC. NO. 1

INDEX NO. EF2022-1
RECEIVED NYSCEF: 02/28/20

95. That by reason of the foregoing the plaintiffs were caused to sustain damages and are entitled to recover against the defendants money damages in a sum in excess of the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A FOURTH CAUSE OF ACTION
## FALSE ARREST AND FALSE IMPRISONMENT UNDER 42 U.S.C. 1983 AGAINST INDIVIDUAL DEFENDANTS

96. Plaintiffs repeat and reallege each and every allegation contained in the foregoing paragraphs with the same force and effect as if herein set forth at length.

97. That defendants violated the Fourth and Fourteenth Amendments to the United States Constitution by wrongfully and illegally arresting, detaining, and imprisoning the plaintiffs.

98. That the wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of the plaintiffs as carried out without a valid warrant, without plaintiffs' consent, and without probable cause or reasonable suspicion.

99. That the defendants acted forcibly in apprehending, arresting and imprisoning the plaintiffs.

100. That plaintiffs sustained damages solely and wholly as a result of the aforesaid action of the defendants.

101. That by reason of the foregoing the plaintiffs were caused to sustain damages and are entitled to recover against the defendants money damages in a sum in excess of the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A FIFTH CAUSE OF ACTION
## FAILURE TO INTERVENE UNDER NEW YORK STATE LAW

102. Plaintiffs repeat and reallege each and every allegation contained in the foregoing paragraphs with the same force and effect as if herein set forth at length.

103. That those defendants that were present but did not actively participate in the aforementioned conduct, observed such conduct, had an opportunity to present such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

104. That defendant COUNTY OF GREENE, as employer of the individual defendants is responsible for their wrongdoing under the doctrine of *respondeat superior*.

105. That defendant SHERIFF OF GREENE COUNTY, as employer of the individual defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

FILED:  GREENE COUNTY CLERK 02/28/2022 12:09 PM
NYSCEF DOC. NO. 1

INDEX NO. EF2022-1...
RECEIVED NYSCEF: 02/28/20...

106.    That plaintiffs sustained damages solely and wholly as a result of the aforesaid action of the defendants.

107.    That by reason of the foregoing the plaintiffs were caused to sustain damages and are entitled to recover against the defendants money damages in a sum in excess of the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A SIXTH CAUSE OF ACTION
### FAILURE TO INTERVENE UNDER 42 U.S.C. 1983 AGAINST INDIVIDUAL DEFENDATNS

108.    Plaintiffs repeat and reallege each and every allegation contained in the foregoing paragraphs with the same force and effect as if herein set forth at length.

109.    That those defendants that were present but did not actively participate in the aforementioned conduct, observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

110.    That those defendants who failed to intervene violated the Fourth and Fourteenth Amendments to the United States Constitution.

111.    That plaintiffs sustained damages solely and wholly as a result of the aforesaid action of the defendants.

112.    That by reason of the foregoing the plaintiffs were caused to sustain damages and are entitled to recover against the defendants money damages in a sum in excess of the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### NEGLIGENT HIRING, TRAINING, RETENTION, AND SUPERVISION UNDER NEW YORK STATE LAW

113.    Plaintiffs repeat and reallege each and every allegation contained in the foregoing paragraphs with the same force and effect as if herein set forth at length.

114.    That the defendants, COUNTY OF GREENE and SHERIFF OF GREENE COUNTY, were under a duty to hire competent agents, servants, and employees and to terminate incompetent agents, servants, and employees.

115.    That the defendants, COUNTY OF GREENE and SHERIFF OF GREENE COUNTY, hired agents, servants, and employees including the defendant PETER KUSMINSKY, defendant MEGHAN DOWNEY, and the defendant CHARLES COLE II, that lacked the requisite judgement, discretion, experience, training, and competence.

116.    That, upon information and belief, there were prior complaints concerning the

FILED: GREENE COUNTY CLERK 02/28/2022 12:09 PM

NYSCEF DOC. NO. 1

INDEX NO. EF2022-1(

RECEIVED NYSCEF: 02/28/202

agents, servants, and employees of defendants COUNTY OF GREENE and SHERIFF OF GREENE COUNTY, including defendant PETER KUSMINSKY, defendant MEGHAN DOWNEY, and CHARLES COLE II, involving their misconduct, dereliction of duty, lack of competence, lack of judgment and discretion, failure to follow proper procedures and protocols, intentional wrongdoing, excessive use of force, violations of constitutional rights, violations of the laws of the United States, and violations of New York law, including complaints of prior similar incidents to those complained of herein.

117.    That the defendants, COUNTY OF GREENE and SHERIFF OF GREENE COUNTY, intentionally, knowingly, and/or with reckless indifference did disregard and/or failed to investigate the complaints involving the defendants' employees, agents, and servants, did investigate such incidents but failed to take such corrective action as was necessary, and therefore acted recklessly and with gross indifference and callous disregard in failing to remedy the situation.

118.    That, upon information and belief, there were prior incidents concerning the agents, servants, and employees of defendants COUNTY OF GREENE and SHERIFF OF GREENE COUNTY, including the defendant PETER KUSMINSKY, the defendant MEGHAN DOWNEY, and the defendant CHARLES COLE II, involving their misconduct, dereliction of duty, lack of competence, lack of judgment and discretion, failure to follow proper procedures and protocols, intentional wrongdoing, excessive use of force, violations of constitutional rights, violations of the laws of the United States, and violations of New York State Law, including prior similar incidents to those complained of herein.

119.    That, upon information and belief, there were prior disciplinary proceedings against the agents, servants, and employees of defendants COUNTY OF GREENE and SHERIFF OF GREENE COUNTY, including the defendant PETER KUSMINSKY, the defendant MEGHAN DOWNEY, and the defendant CHARLES COLE II, involving their misconduct dereliction of duty, lack of competence, lack of judgment and discretion, failure to follow proper procedures and protocols, intentional wrongdoing, excessive use of force, violations of constitutional rights, violations of the laws of the United States, and violations of the laws of the State of New York, including complaints of prior similar incidents to those complained of herein.

FILED: GREENE COUNTY CLERK 02/28/2022 12:09 PM

NYSCEF DOC. NO. 1

INDEX NO. EF2022-1

RECEIVED NYSCEF: 02/28/20.

120.    That the defendants intentionally, knowingly, and/or with reckless indifference did disregard and/or failed to investigate the prior incidents involving the defendants' employees, agents, and servants, did investigate such incidents but failed to take such corrective action as was necessary, and therefore acted recklessly and with gross indifference and callous disregard in failing to remedy the situation.

121.    That the defendants, COUNTY OF GREENE and SHERIFF OF GREENE COUNTY, were negligent and reckless in their hiring of and in their retention of their agents, servants, and employees, including the defendant PETER KUSMINSKY, the defendant MEGHAN DOWNEY, and the defendant CHARLES COLE II, which caused the plaintiffs to sustain injury without any act or omission on the part of the plaintiffs contributing thereto.

122.    That the defendants, COUNTY OF GREENE and SHERIFF OF GREENE COUNTY, negligently and recklessly failed to terminate agents, servants, and employees including the defendant PETER KUSMINSKY, the defendant MEGHAN DOWNEY, and the defendant CHARLES COLE II, which caused the plaintiffs to sustain injury, without any act or omission on the part of the plaintiffs contributing thereto.

123.    That the defendants acted both negligently and/or recklessly and/or with gross negligence.  Punitive damages are claimed.

124.    Plaintiffs will rely upon the doctrine of Res Ipsa Loquitor.

125.    That plaintiffs sustained damages solely and wholly as a result of the aforesaid action of the defendants.

126.    That by reason of the foregoing the plaintiffs were caused to sustain damages and are entitled to recover against the defendants money damages in a sum in excess of the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR AN EIGTH CAUSE OF ACTION
## NEGLIGENT TRAINING AND SUPERVISION UNDER NEW YORK STATE LAW

127.    Plaintiffs repeat and reallege each and every allegation contained in the foregoing paragraphs with the same force and effect as if herein set forth at length.

128.    That the defendants, COUNTY OF GREENE and SHERIFF OF GREENE COUNTY, were under a duty to train, manage, supervise, and control their agents, servants, and employees including the defendant PETER KUSMINSKY, the defendant MEGHAN DOWNEY, and the defendant CHARLES COLE II.

FILED: GREENE COUNTY CLERK 02/28/2022 12:09 PM

NYSCEF DOC. NO. 1

INDEX NO. EF2022-1(

RECEIVED NYSCEF: 02/28/202

129.    That the defendants, COUNTY OF GREENE and SHERIFF OF GREENE COUNTY, were under a duty to train, manage, supervise, and control their agents, servants, and employees including the defendant PETER KUSMINSKY, the defendant MEGHAN DOWNEY, and the defendant CHARLES COLE II to ensure that they complied with the laws of the United States and the State of New York, and ensure that they did not stop, search, seize, detain, arrest, and imprison persons without probable cause, without reasonable suspicion, and without justification.

130.    That the defendants, COUNTY OF GREENE and SHERIFF OF GREENE COUNTY, breached their aforesaid duty to train, manage, supervise, and control their agents, servants, and employees including the defendant PETER KUSMINSKY, the defendant MEGHAN DOWNEY, and the defendant CHARLES COLE II.

131.    That as a result of the failure of the defendants, COUNTY OF GREENE and SHERIFF OF GREENE COUNTY, to train, manage, supervise, and control their agents, servants, and employees including the defendant PETER KUSMINSKY, the defendant MEGHAN DOWNEY, and the defendant CHARLES COLE II, the plaintiffs were caused to sustain injury, without any act or omission on the part of the plaintiffs contributing thereto.

132.    Plaintiffs will rely upon the doctrine of Res Ipsa Loquitor.

133.    That plaintiffs sustained damages solely and wholly as a result of the aforesaid action of the defendants.

134.    That by reason of the foregoing the plaintiffs were caused to sustain damages and are entitled to recover against the defendants money damages in a sum in excess of the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR AN NINTH CAUSE OF ACTION
## MUNICIPAL *"MONELL"* LIABILITY UNDER 42 U.S.C. 1983 AGAINST
## COUNTY OF GREENE AND SHERIFF OF GREENE COUNTY

135.    Plaintiffs repeat and reallege each and every allegation contained in the foregoing paragraphs with the same force and effect as if herein set forth at length.

136.    That defendants COUNTY OF GREENE and SHERIFF OF GREEN COUNTY had in effect actual and/or de facto policies, practices, customs, and usages that caused the plaintiffs to be deprived of their civil rights or were deliberately indifferent toward the existence of such actual and/or de facto policies, practices, customs, and usages that were

NYSCEF DOC. NO. 1

INDEX NO. EF2022-1
RECEIVED NYSCEF: 02/28/20:

unconstitutional and caused the plaintiffs to be deprived of their civil rights.

137. That defendants COUNTY OF GREENE and SHERIFF OF GREEN COUNTY, acting through their employees, agents, servants, and representatives, including defendant SHERIFF OF GREENE COUNTY, defendant PETER KUSMINSKY, defendant MEGHAN DOWNEY, and defendant CHARLES COLE II, had in effect actual and/or de facto policies, practices, customs, and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein and caused the plaintiffs to be deprived of their civil rights.

138. That defendants COUNTY OF GREENE and SHERIFF OF GREEN COUNTY acting through their employees, agents, servants, and representatives had in effect actual and/or de facto policies, practices, customs, and usages of failing to require its employees, agents, and servants including defendant PETER KUSMINSKY, defendant MEGHAN DOWNEY, and defendant CHARLES COLE II, to comply with the rules and regulations of the COUNTY OF GREENE and SHERIFF OF GREENE COUNTY, and failing to require compliance with the United States Constitution, the New York State Constitution, and the laws of the United States and the State of New York.

139. That the aforementioned actual and/or de facto policies, practices, customs, and usages of defendants COUNTY OF GREENE and SHERIFF OF GREENE COUNTY include but are not limited to: stopping vehicles without reasonable suspicion, probable cause, or justification; stopping persons without reasonable suspicion, probable cause or justification; searching persons without reasonable suspicion, probable cause or justification; searching property without reasonable suspicion, probable cause or justification; seizing persons without reasonable suspicion, probable cause or justification; seizing property without reasonable suspicion, probable cause or justification; detaining persons without reasonable suspicion, probable cause or justification; arresting persons reasonable suspicion, probable cause or justification; arresting persons known to be innocent; failing to supervise, train, instruct, and discipline the sheriff and the sheriff's deputies thereby encouraging misconduct and exhibiting deliberate indifference towards the constitutional rights; discouraging the sheriff's deputies from reporting the corrupt or unlawful acts of other sheriff's deputies; retaliating against sheriff's deputies who report misconduct; withholding evidence and/or

FILED: GREENE COUNTY CLERK 02/28/2022 12:09 PM

NYSCEF DOC. NO. 1

INDEX NO. EF2022-1

RECEIVED NYSCEF: 02/28/20

misrepresenting or falsifying evidence; failing to require that probable cause must be present before an arrest can be made, failing to require reasonable cause to make a traffic stop, failing to require a search warrant or exigent circumstances be present before a person or person's property is searched and seized; and failing to intervene to prevent the above mentioned practices when they reasonably could have been prevented with proper supervision.

140.     That pursuant to the actual and/or de facto policies, practices, customs, and usages the employees, representatives and/or agents of the defendants failed to intervene in or report defendants' violations of plaintiff's rights, and violations of the United States Constitution, the New York State Constitution, and the laws of the United States and the State of New York.

141.     That the aforementioned actual and/or de facto policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein and caused the plaintiffs to be deprived of their civil rights.

142.     That the defendants deprived the plaintiffs of their rights, privileges and immunities guaranteed and secured by the Fourth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of New York including their right to liberty and to be secure in person and free from unreasonable searches and seizures.

143.     That plaintiffs sustained damages solely and wholly as a result of the aforesaid action of the defendants.

144.     That by reason of the foregoing the plaintiffs were caused to sustain damages and are entitled to recover against the defendants money damages in a sum in excess of the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE,** plaintiffs demand judgment as against the defendants as follows:

FIRST CAUSE OF ACTION in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with punitive damages, costs, and disbursements; in the

SECOND CAUSE OF ACTION in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with punitive damages, costs, disbursements, and reasonable attorney's fees and costs pursuant to 42 U.S.C.

FILED: GREENE COUNTY CLERK 02/28/2022 12:09 PM

NYSCEF DOC. NO. 1

INDEX NO. EF2022-1

RECEIVED NYSCEF: 02/28/20

1988; in the

THIRD CAUSE OF ACTION in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with punitive damages, costs, and disbursements; in the

FOURTH CAUSE OF ACTION in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with punitive damages, costs, disbursements, and reasonable attorney's fees and costs pursuant to 42 U.S.C. 1988; in the

FIFTH CAUSE OF ACTION in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with punitive damages, costs, and disbursements; in the

SIXTH CAUSE OF ACTION in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with punitive damages, costs, disbursements, and reasonable attorney's fees and costs pursuant to 42 U.S.C. 1988; in the

SEVENTH CAUSE OF ACTION in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with punitive damages, costs, and disbursements; in the

EIGTH CAUSE OF ACTION in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with punitive damages, costs, and disbursements; in the

NINTH CAUSE OF ACTION in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with punitive damages, costs, disbursements, and reasonable attorney's fees and costs pursuant to 42 U.S.C. 1988.

Fraiden & Fraiden LLP
Attorneys for Plaintiffs
327 East 149th Street
Bronx, New York 10451
(718) 993-9911

FILED: GREENE COUNTY CLERK 02/28/2022 12:09 PM

NYSCEF DOC. NO. 1

INDEX NO. EF2022-1
RECEIVED NYSCEF: 02/28/20

STATE OF NEW YORK:

COUNTY OF Columbia

TAYLOR FORREST being sworn says:     I am the plaintiff in the action herein; I have read the annexed VERIFIED COMPLAINT, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

TAYLOR FORREST

Sworn before me this   2022
14   day of February 2018

NOTARY PUBLIC

Jessica L. Thomas
Notary Public, State of New York
No. 01TH6265375
Qualified in Columbia County
Term Expires July 9,

Jessica L. Thomas
Notary Public, State of New York
No. 01TH6265375
Qualified in Columbia County
Term Expires July 9, 2024

FILED: GREENE COUNTY CLERK 02/28/2022 12:09 PM
NYSCEF DOC. NO. 1

INDEX NO. EF2022-1
RECEIVED NYSCEF: 02/28/20

STATE OF NEW YORK:

COUNTY OF Columbia

JIMMY DIRESTA a/k/a JAMES DIRESTA being sworn says:     I am the plaintiff in the action herein; I have read the annexed VERIFIED COMPLAINT, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

_____
JIMMY DIRESTA a/k/a JAMES DIRESTA

Sworn before me this 2022
14 day of February 2008

_____
NOTARY PUBLIC

Jessica L. Thomas
Notary Public, State of New York
No. 01TH6265375
Qualified in Columbia County
Term Expires July 9, 2024