**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**TAYLOR FORREST et al.,**

                  **Plaintiffs,**

        **v.**

**COUNTY OF GREENE et al.,**

                  **Defendants.**
_____

            **1:22-cv-276**
            **(GLS/ML)**

## SUMMARY ORDER

Plaintiffs Taylor Forest and Jimmy Diresta brought this action alleging violations of the Fourth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983, Article I, § 12 of the New York Constitution, and New York State law against the County of Greene, Sheriff of Greene County, Meghan Downey, Charles Cole II, and Peter Kusminsky, in their individual and official capacities.  (Am. Compl., Dkt. No. 12.)  In a June 7, 2023 Memorandum-Decision and Order (hereinafter "the Decision and Order"), the court granted in part and denied in part a motion to dismiss the amended complaint brought by the County, Sheriff of Greene County, and Kusminsky.  (Dkt. No. 21.)  Specifically, the motion to dismiss was: granted as to all claims against Sheriff of Greene County, granted as to all § 1983

claims against the County and Kusminsky, granted as to plaintiffs' first

cause of action for unlawful search and seizure under New York State law,

only as against Kusminsky, and denied in all other respects.  (*See id.* at

25.)  Now pending before the court is Kusminsky's motion for

reconsideration of the Decision and Order.  (Dkt. No. 23.)  For the reasons

that follow, Kusminsky's motion is denied.

Kusminsky requests that the court reconsider the Decision and Order

"to the extent that it permitted Plaintiffs' third and fifth [c]auses

of [a]ction for the intentional torts of false arrest and failure to intervene

under state law, respectively, to proceed against [him]."  (Dkt. No. 23,

Attach. 1 at 1.)  Kusminsky's primary contention is that the court "erred in

not dismissing all claims against [him] after finding plainitff[s] failed to

allege" he was personally involved in the underlying events.  (*Id.* at 2-4.)

Plaintiffs argue that Kusminsky's motion is null because he did not file and

serve a notice of motion,[1] that he fails to meet his burden of demonstrating

a change in controlling law, the existence of new evidence, or a need to

correct a clear error of law or to prevent manifest injustice, that the court

---

[1] On July 7, 2023, counsel for defendants explained in a letter that Kusminsky did, in fact, file a notice of motion, (Dkt. No. 25), and, on July 10, 2023, plaintiffs acknowledged this to be true and withdrew their argument, (Dkt. No. 28).

correctly determined that Kusminsky only moved for dismissal of the

§ 1983 claims and the first cause of action,[2] that the court did not use a

strained, irrational, or unintended interpretation of the complaint in

concluding the term "defendants" includes Kusminsky, and that plaintiffs

would be unduly prejudiced if the court were to impart a different meaning

to the plain language of the complaint.  (Dkt. No. 28, Attach. 1 at 4-7.)

Motions for reconsideration proceed in the Northern District of New

York under Local Rule 60.1 (formerly Rule 7.1(g)).[3]  "In order to prevail on

a motion for reconsideration, the movant must satisfy stringent

requirements."  *In re C-TC 9th Ave. P'ship v. Norton Co.*, 182 B.R. 1, 2

(N.D.N.Y. 1995).  Such motions "will generally be denied unless the

---

[2] The court granted the motion to dismiss as to the first cause of action for unlawful search and seizure under New York State law as against Kusminsky because plaintiffs did not have a private right of action when an adequate alternative remedy is available under § 1983. (Dkt. No. 21 at 19-24.)  The Decision and Order notes that this theory may have applied to the other causes of action brought under New York State law against Kusminsky, however, the motion only sought dismissal of the unlawful search and seizure claim under this theory, not any of the other state-constitutional claims.  (*Id.* at 19, n.9; Dkt. No. 16, Attach. 2 at 4-5.)

[3] Local Rule 60.1 provides:

> Unless otherwise provided by the Court, by statute or rule . . ., a party may file and serve a motion for reconsideration or reargument no later than FOURTEEN DAYS after the entry of the challenged judgment, order, or decree.  All motions for reconsideration shall conform with the requirements set forth in L.R. 7.1(a)(1) and (2).  The briefing schedule and return date applicable to motions for reconsideration shall conform to L.R. 7.1(a) . . . .  The Court will decide motions for reconsideration or re-argument on submission of the papers, without oral argument, unless the Court directs otherwise.

moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The prevailing rule "recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *In re C-TC 9th Ave. P'ship*, 182 B.R. at 3 (citation omitted). "[A] motion to reconsider should not be granted where the moving party seeks solely to re[-]litigate an issue already decided." *Shrader*, 70 F.3d at 257.

First, Kusminsky contends that a review of plaintiff's fifth cause of action for failure to intervene under New York law "reveals that it expressly states it is being alleged against 'those defendants that were present [at the traffic stop] . . . and failed to intervene,'" that the videos attached to the complaint demonstrate that only Downey and Cole were present, and that, therefore, he is not a defendant to this cause of action. (Dkt. No. 23, Attach. 1 at 2.) However, contrary to Kusminsky's contention, "a plain reading of the [a]mended [c]omplaint" demonstrates that the fifth cause of

4

action was alleged against him.  (*Id.* at 3.)  The amended complaint alleges

that Kusminsky, as sheriff of Greene County, was "responsible for the

appointment, hiring, training, supervision, discipline, retention, and conduct

of . . . [Downey] and [Cole]."  (Dkt. No. 12 ¶ 25.)  The amended complaint

also alleges that Kusminsky, acting through agents, servants, and/or

employees, unlawfully seized plaintiffs and their property, falsely arrested

plaintiffs, and unlawfully searched their property.  (*Id.* ¶¶ 40, 42, 44, 47, 50,

51.)  There is no intervening change in controlling law, new evidence not

previously available, clear error of law, or manifest injustice that would

justify reconsideration of the court's finding that Kusmisnky was a party to

the fifth cause of action—particularly in light of the fact that, on a motion to

dismiss, the complaint is construed in the light most favorable to the non-

moving party.[4]

Second, Kusminsky asserts that plaintiffs' third cause of action for

false arrest and false imprisonment under New York State law was alleged

against "[t]he defendants" and that the court "erred in considering

_____

[4]  The court explicitly set out this well-settled standard of review for a motion to dismiss, as it applied to the fifth cause of action, in the Decision and Order and, therefore, any re-litigation of this point is improper and has not been taken into consideration.  *See Shrader*, 70 F.3d at 257.

'defendants' to include . . . Kusminsky." (Dkt. No. 23, Attach. 1 at 3.)

Kusmisnky is, of course, a defendant to this action. (*See generally* Dkt.

No. 12.) And, even if the words "the defendants" were ambiguous, as

explained above, plaintiffs explicitly allege in the amended complaint that

"[*Kusminsky*] acting through [his] agents, servants, and/or employees,

*detained the plaintiffs and their property*" and "[*Kusminsky*] acting through

[his] agents, servants, and/or employees, *falsely arrested the plaintiffs*."

(*Id.* ¶¶ 42, 44 (emphasis added).) As such, the third cause of action was

alleged against Kusminsky on the face of the amended complaint.

Third, Kusminsky contends that he "relied on the lack of any alleged

personal involvement as the reason for all claims against [him] to be

dismissed." (Dkt. No. 23, Attach. 1 at 3.) As explained in the Decision and

Order, "personal involvement" is a requirement to maintain an action under

§ 1983. (Dkt. No. 21 at 17.) Kusminsky did not argue in his motion to

dismiss that personal involvement was also required to maintain claims for

false arrest, false imprisonment, or failure to intervene under New York

law; Kusminsky argued, correctly, that personal involvement is required to

maintain a § 1983 claim, explained why any § 1983 claim against him must

be dismissed for this reason and then, without any authority to suggest the

same standard applied to claims other than those brought pursuant to § 1983, suggested that "all claims" against him must be dismissed.  (*See generally* Dkt. No. 16, Attach. 2.)  He acknowledges that he did not explicitly move to dismiss these New York State claims, and, instead, blames the court for not dismissing them *sua sponte*.  (Dkt. No. 23, Attach. 1 at 4 (citing *Alki Partners L.P. v. Vatas Holding GmbH*, 769 F. Supp. 2d 478, 499 (S.D.N.Y. 2011).)  While *Alki Partners L.P.* may support an argument that, under the proper circumstances, a court *may* dismiss a complaint as to a non-moving defendant, it does not, as Kusminsky ostensibly suggests, hold that it is an error of law when a court does not exercise this discretion.  *See* 769 F. Supp. 2d at 499.

Kusminsky has merely demonstrated that he is dissatisfied with the Decision and Order and has not submitted any intervening change in controlling law, the availability of new evidence not previously available, or the need to correct a clear error of law or prevent manifest injustice.  *See In re C-TC 9th Ave. P'ship*, 182 B.R. at 3 (citation omitted).  Because he has failed to meet the stringent standard that governs reconsideration, Kusminsky's motion is denied.

Accordingly, it is hereby

**ORDERED** that Kusminsky's motion for reconsideration (Dkt. No. 23)

is **DENIED**; and it is further

**ORDERED** that the Clerk provide a copy of this Order to the parties.

**IT IS SO ORDERED.**

August 9, 2023
Albany, New York

Gary L. Sharpe
Gary L. Sharpe
U.S. District Judge